UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KRISTINE ARCOS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HUDSON INSURANCE COMPANY, ROE CORPORATIONS I-X, and DOES I-X inclusive,<br><br>Defendants. | Case No. 3:22-cv-00372-LRH-CLB<br><br>ORDER |

On August 8, 2022, Defendant Hudson Insurance Company removed this case from the Second Judicial District Court for the State of Nevada to this court. After reviewing the petition for removal for proper jurisdiction, the Court remands this case to state court, sua sponte, for lack of subject matter jurisdiction.

When a defendant files a petition for removal, the Court must determine whether federal jurisdiction exists, even if no objection to removal is made. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). When doing so, the Court construes the removal and jurisdiction statutes strictly and in favor of remanding to state court. *Lake v. Ohana Mil. Cmtys., LLC*, 14 F.4th 993, 1000 (9th Cir. 2021). If "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In this case, Defendant seeks removal based on the Court's original jurisdiction over diversity of citizenship cases. The Court's jurisdiction over those cases is limited to when there is diversity of citizenship between the parties, no defendant is a citizen of the state where the action was filed, and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1441(b)(2); 28 U.S.C. § 1332(a).

Here, Defendant has made no attempt to demonstrate that these requirements are met. Beginning with the diversity of citizenship requirement, Defendant noted that it is registered in Pennsylvania, but failed to explain where its principal place of business is. Plaintiff's complaint does not fill in the gap either. *See* ECF No. 1-2 at 2 (merely stating that Defendant is authorized to transact business within Nevada). Without such information, the Court cannot find that the diversity of citizenship requirement is satisfied. Defendant's statements regarding the amount in controversy are similarly inadequate. Though Defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000, *see Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (quotation omitted), Defendant claims that the amount in controversy exceeds $15,000. Plaintiff's complaint alleging damages in excess of $15,000 may satisfy Nevada state pleading requirements; however, it falls far short of meeting the federal requirement of an amount in controversy exceeding $75,000.

Based on Defendant's petition for removal and Plaintiff's underlying complaint, the Court is left with the firm conviction that it does not have subject matter jurisdiction over this case. Accordingly, the Court remands the case to state court.

IT IS THEREFORE ORDERED that this case is remanded to state court due to the Court's lack of subject matter jurisdiction. The Clerk of the Court shall close this case.

IT IS SO ORDERED.

DATED this 6th day of October, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE